IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(BOWLING GREEN DIVISION)

DANIEL E. OBERST                                            PLAINTIFFS
1585 Shady Ridge Court
Bowling Green, Kentucky 42104

AND

LISA D. OBERST
1585 Shady Ridge Court
Bowling Green, Kentucky 42104


                                  Case No.  1:17-cv-106-GNS____

v.                                Judge____Stivers_____


SOUTH CENTRAL BANK, INC.                                    DEFENDANTS
205 South Broadway
Glasgow, Kentucky 42141


          SERVE:      Ruthie O. Bale
                      208 South Broadway
                      Glasgow, Kentucky 42141
                      (BY CERTIFIED MAIL)

AND

JPMORGAN CHASE BANK, N.A.
d/b/a CHASE
270 Park Avenue
New York, New York 10017

SERVE:      Jamie Dimon, Chairman, Board of Directors
            270 Park Avenue
            New York, New York 10017
            (BY KENTUCKY SECRETARY OF STATE

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

SERVE:      CSC-Lawyers Incorporating Service Co.
            421 W. Main Street
            Frankfort, Kentucky 40601
            (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

SERVE:      The Prentice Hall Corporation System
            421 W. Main Street
            Frankfort, Kentucky 40601
            (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

SERVE:      CT Corporation System
            306 W. Main Street, Suite 512
            Frankfort, Kentucky 40601
            (BY CERTIFIED MAIL)

                            ** ** ** **

## VERIFIED COMPLAINT

Come the Plaintiffs, Daniel E. Oberst and Lisa D. Oberst, by counsel, and for their Verified Complaint against the Defendants, South Central Bank, Inc. ("SCB"), JPMorgan Chase Bank, N.A. d/b/a Chase ("Chase"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), state as follows:

## I. PRELIMINARY STATEMENT

1.     This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of (1) SCB's failure to investigate Plaintiffs' credit reporting disputes and SCB's false reporting to Equifax of an alleged delinquent debt, and Equifax's failure to investigate Plaintiffs' SCB credit reporting dispute and their failure to correct SCB's false reporting on Plaintiffs' Equifax credit reports; (2) Equifax's failure to investigate an alleged judgment against Plaintiff, Lisa D. Oberst and its false reporting regarding the alleged judgment on Mrs. Oberst's Equifax credit report; and (3) Chase's failure to investigate Plaintiff, Lisa D. Oberst's credit reporting dispute and Chase's false reporting to Equifax, Trans Union, and Experian of an alleged delinquent debt, and Chase's, Equifax's, Trans Union's and Experian's failure to investigate Mrs. Oberst's Chase credit reporting dispute and their failure to correct Chase's false reporting on Mrs. Oberst's Equifax, Trans Union and Experian credit reports

## II. PARTIES

2.     Plaintiff, Daniel E. Oberst, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1585 Shady Ridge Court, Bowling Green, Kentucky 42104.  Mr. Oberst is the spouse of Plaintiff, Lisa D. Oberst.

3.     Plaintiff, Lisa D. Oberst, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1585 Shady Ridge Court, Bowling Green, Kentucky

42104.   Mrs. Oberst is the spouse of Plaintiff, Daniel E. Oberst.

4.      Plaintiffs are "consumers" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

5.      Defendant, SCB, is a Kentucky corporation with its principal place of business at 205 South Broadway, Glasgow, Kentucky 42141.

6.      SCB is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7.      Defendant, Chase, is a national banking association doing business in the State of Indiana with its principal place of business at 270 Park Avenue, New York, New York, 10017.

8.      Chase is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

9.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

10.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

13.     Trans Union is a "consumer reporting agency that compiles and maintains files on

4

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

15.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

16.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

17.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

18.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Warren County, Kentucky as a result of the Defendants' doing business in Warren County, Kentucky.

### IV.  FACTUAL BACKGROUND

#### The SCB Second Mortgage – SCB and Equifax

19.     In or around July 2007, Plaintiffs opened a home equity line of credit with SCB.

20.     In February 2017, Plaintiffs, who were in the process of seeking home mortgage financing, accessed their Equifax credit reports and discovered that SCB was reporting the Plaintiffs' second mortgage twice, once with a zero balance and an additional tradeline with an approximate balance of $32,000.  Both accounts showed a late payment in January 2011.

21.     Plaintiffs disputed the duplicated SCB tradelines with Equifax and SCB immediately upon Plaintiffs' discovery of the tradelines.

22.     Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified SCB of the disputes at or within five (5) days of Equifax's receiving notice of the disputes from Plaintiff.

23.     Plaintiffs received the results of their disputes in March 2017.  In those results, Equifax, despite its reporting of both SCB tradelines and the alleged January 2011 late payment, advised Plaintiffs that the SCB second mortgage wasn't reporting on Plaintiffs' Equifax credit reports.

24.     Despite Plaintiffs' lawful request for removal of the disputed items pursuant to the FCRA, SCB and Equifax failed to investigate Plaintiffs' disputes and failed to remove the disputed items from Plaintiffs' credit reports.

25.     Upon information and belief, SCB and Equifax did not evaluate or consider any of Plaintiffs' information, claims, or evidence, and did not make any and/or sufficient attempts to remove and/or amend their reporting of the disputed items within a reasonable time following SCB's and Equifax's receipt of Plaintiffs' disputes.

26.     The Defendants' actions have damaged Plaintiffs in that Plaintiffs have been denied credit and/or have been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiffs' disputes and Defendants' false reporting of Plaintiffs' duplicated SCB second mortgage accounts.

### The Judgment - Equifax

27.     In addition to the SCB second mortgage tradelines, Plaintiffs also discovered in February 2017 an alleged Warren Circuit Court judgment against Plaintiffs.

28.     Plaintiffs disputed the judgment with Equifax immediately upon their discovery of Equifax's reporting of the judgment.

29.     Plaintiffs received the results of their disputes in March 2017.  In those results, Equifax advised Mr. Oberst that the judgment was deleted from his Equifax credit report.  As to Mrs. Oberst, however, Equifax, despite its reporting of the judgment on Mrs. Oberst's Equifax credit report, advised that no such judgment was reporting.

30.     Despite Mrs. Oberst's lawful request for removal of the disputed item pursuant to the FCRA, Equifax failed to investigate Mrs. Oberst's dispute and failed to remove the disputed item from her credit report.

31.     Upon information and belief, Equifax did not evaluate or consider any of Mrs. Oberst's information, claims, or evidence, and did not make any and/or sufficient attempts to remove and/or amend their reporting of the disputed item within a reasonable time following Equifax's receipt of Mrs. Oberst's dispute.

32.     Equifax's actions have damaged Plaintiffs in that Plaintiffs have been denied credit and/or have been forced to pay a high rate of interest for credit due to Equifax's failure to investigate Mrs. Oberst's dispute and Equifax's false reporting of the alleged Warren Circuit Court judgment.

### The Chase 1099 and Charge Off – Chase, Equifax, Trans Union and Experian

33.     In August 2008, Plaintiffs opened a joint revolving credit account with Chase, Account No. 42668411****.

34.     In or around 2013, Chase charged off Plaintiffs' credit card debt in the amount of $26,939, presumably Plaintiffs' remaining balance on the credit card, pursuant to 26 U.S.C. § 6050P(b)(2)(G).

7

35.     In 2016, Chase forwarded Plaintiffs a Form 1099-C reflecting Chase's discharge of the alleged debt and stating that the debt was cancelled.   Upon information and belief, Chase contemporaneously filed the Form 1099-C with the Internal Revenue Service.

36.     Pursuant to the 1099-C form forwarded to Plaintiffs by Chase, Plaintiffs paid income tax on the discharged debt for the 2013 tax year.

37.     In February 2017, Plaintiffs, while in the process of seeking home mortgage financing, accessed their Equifax, Trans Union and Experian credit reports and discovered derogatory tradelines furnished by Chase referencing Plaintiffs' alleged Chase credit card debt. Equifax, Trans Union and Experian reported the alleged debt, forgiven and discharged by Chase, as "past due" and owing to Chase.

38.     Immediately upon discovering Chase's false and derogatory tradelines, Plaintiffs filed disputes with Equifax, Trans Union and Experian regarding the inaccuracy of the Chase tradelines given Chase's forgiveness and discharge of the alleged debt and Plaintiffs' payment of income tax on the forgiven debt.

39.     Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Chase of the disputes at or within five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiffs.

40.     In March 2017, Chase, Equifax, Trans Union and Experian deleted the derogatory Chase tradeline from Mr. Oberst's credit reports.   Chase and the three credit bureaus, however, verified the alleged past due Chase accounts reporting on Mrs. Oberst's credit reports.

41.     Despite Mrs. Oberst's lawful request for removal of the disputed item pursuant to the FCRA, Chase, Equifax, Trans Union, and Experian failed to investigate Mrs. Oberst's disputes

and failed to remove the disputed items from Mrs. Oberst's credit reports.

42.    Upon information and belief, Chase, Equifax, Trans Union, and Experian did not evaluate or consider any of Mrs. Oberst's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Chase's, Equifax's, Trans Union's and Experian's receipt of Mrs. Oberst's disputes.

43.    The Defendants' actions have damaged Plaintiffs in that Plaintiffs have been denied credit and/or have been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiffs' disputes and Defendants' false reporting of Plaintiffs' alleged past due accounts.

## V.  CLAIMS

### Negligence – SCB

44.    Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.    SCB's failure to investigate Plaintiffs' disputes and its false reporting to Equifax regarding the alleged SCB second mortgage tradelines were negligent under applicable law.  In failing to investigate Plaintiffs' disputes and in falsely reporting the alleged second mortgage accounts, SCB breached its duties to Plaintiffs to investigate consumer disputes and to report accurate information regarding Plaintiffs' credit history and acted with conscious disregard for Plaintiffs' rights.

46.    SCB's failure to investigate Plaintiffs' disputes and its false reporting to Equifax regarding the alleged past due account has caused and continues to cause damage to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, and other compensatory and consequential damages.  SCB's failure to investigate Plaintiffs' disputes and its false reporting to Equifax regarding the alleged second mortgage

tradelines were willful and wanton, entitling Plaintiffs to punitive damages therefor.

## Negligence – Chase

47.    Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

48.    Chase's failure to investigate Mrs. Oberst's disputes and its false reporting to Equifax regarding the Chase tradeline were negligent under applicable law.   In failing to investigate Mrs. Oberst's dispute and in falsely reporting the status of the Chase accounts, Chase breached its duties to Mrs. Oberst to investigate consumer disputes and to report accurate information regarding Mrs. Oberst's credit history and acted with conscious disregard for Mrs. Oberst's rights.

49.    Chase's failure to investigate Mrs. Oberst's dispute and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due Chase account has caused and continues to cause damage to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, and other compensatory and consequential damages.   Chase's failure to investigate Mrs. Oberst's disputes and its false reporting to Equifax, Trans Union and Experian regarding the Chase tradeline were willful and wanton, entitling Plaintiffs to punitive damages therefor.

## Negligence – Equifax

50.    Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.    Equifax's failure to investigate Plaintiffs' disputes and its failure to delete and/or amend its reporting of Plaintiffs' alleged SCB and Chase accounts and the Warren Circuit Court judgment, despite Plaintiffs' lawful notices to Equifax of the falsity of the reports, was negligent. In failing to investigate Plaintiffs' disputes and in failing to delete and/or amend its reporting of

the subject tradelines, Equifax breached its duties to Plaintiffs to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiffs, and acted with conscious disregard for Plaintiffs' rights.

52.     Equifax's negligent failure delete and/or amend its reporting of the subject tradelines has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, and other compensatory and consequential damages.

53.     Equifax's failure to delete and/or amend its reporting of the subject tradelines, despite Plaintiffs' lawful notices to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

### Negligence – Trans Union

54.     Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55.     Trans Union's failure to investigate Mrs. Oberst's dispute and its failure to delete and/or amend its reporting of the Chase tradeline, despite Mrs. Oberst's lawful notices to Trans Union of the falsity of the report, was negligent.

56.     In failing to investigate Mrs. Oberst's dispute and in failing to delete and/or amend its reporting of the Chase tradeline, Trans Union breached its duties to Mrs. Oberst to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Mrs. Oberst's rights.

57.     Trans Union's negligent failure delete and/or amend its reporting of the Chase tradeline has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, and other compensatory and consequential damages.

58.     Trans Union's failure to delete and/or amend its reporting of the Chase tradeline, despite Mrs. Oberst's lawful notices to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

### Negligence – Experian

59.     Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 58 as if fully set forth herein.

60.     Experian's failure to investigate Mrs. Oberst's dispute and its failure to delete and/or amend its reporting of the Chase tradeline, despite Mrs. Oberst's lawful notices to Experian of the falsity of the report, was negligent.

61.     In failing to investigate Mrs. Oberst's dispute and in failing to delete and/or amend its reporting of the Chase tradeline, Experian breached its duties to Mrs. Oberst to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Mrs. Oberst's rights.

62.     Experian's negligent failure delete and/or amend its reporting of the Chase tradeline has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, and other compensatory and consequential damages.

63.     Experian's failure to delete and/or amend its reporting of the Chase tradeline, despite Mrs. Oberst's lawful notices to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

### Defamation – SCB

64.     Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 63 as if fully set forth herein.

65.     SCB, with knowledge of the falsity of its statements, has published and continues to

12

publish statements to others, including, but not limited to, Equifax and other currently unknown individuals and/or entities who have accessed Plaintiffs' Equifax credit reports, that Plaintiffs have two past second mortgage accounts with SCB. SCB's statements were false and were made with conscious disregard for the rights of the Plaintiffs.

66.     SCB's publication of false statements regarding Plaintiffs' creditworthiness and Plaintiffs' alleged past due SCB account amounts to defamation and defamation *per se* of the Plaintiffs, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

## Defamation – Chase

67.     Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 66 as if fully set forth herein.

68.     Chase, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union and Experian and other currently unknown individuals and/or entities who have accessed Mrs. Oberst's credit reports, that Mrs. Oberst has a past due and payable credit account with Chase. Chase's statements were false and were made with conscious disregard for the rights of the Plaintiffs.

69.     Chase's publication of false statements regarding Mrs. Oberst's creditworthiness and the alleged past due Chase account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

70.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

71.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, SCB, Chase, and other currently unknown entities and/or individuals who have accessed Plaintiffs' Equifax credit reports, that Plaintiffs have two second mortgage accounts with SCB; that Mrs. Oberst has a Warren Circuit Court judgment against her, and that Mrs. Oberst has a past due and payable account with Chase in the amount of $26,939.   Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiffs.

72.     Equifax's publication of false statements regarding Plaintiffs' creditworthiness amounts to defamation and defamation *per se* of the Plaintiffs, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

## Defamation – Trans Union

73.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Chase and other currently unknown entities and/or individuals who have accessed Mrs. Oberst's Trans Union credit report, that Mrs. Oberst has a past due and payable account with Chase in the amount of $26,939.   Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

75.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

76.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Chase and other currently unknown entities and/or individuals who have accessed Mrs. Oberst's Experian credit report, that Mrs. Oberst has a past due and payable account with Chase in the amount of $26,939. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

78.     Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – SCB

79.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80.     SCB's failure to investigate Plaintiffs' disputes and it initial and continuing false reporting to Equifax of Plaintiffs' second mortgage accounts are violations of SCB's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

81.     SCB's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which SCB is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Chase**

82.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 81 as if fully set forth herein.

83.     Chase's failure to investigate Mrs. Oberst's disputes and its initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiff's alleged past due and payable Chase account are violations of Chase's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

84.     Chase's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Chase is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

85.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 84 as if fully set forth herein.

86.     Equifax's failure to investigate Plaintiffs' disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

87.     Equifax's failure to evaluate or consider any of Plaintiffs' information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiffs' disputes is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

88.     Equifax's violations of the FCRA amount to negligent non-compliance with the

FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

89.    Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 88 as if fully set forth herein.

90.    Trans Union's failure to investigate Mrs. Oberst's dispute and its failure to delete and/or amend its reporting of the disputed Chase account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

91.    Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

92.    Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

93.    Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 92 as if fully set forth herein.

94.    Experian's failure to investigate Mrs. Oberst's dispute and its failure to delete and/or amend its reporting of the disputed Chase account from Plaintiff's credit report despite knowledge

of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

95.    Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

96.    Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – SCB**

97.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 96 as if fully set forth herein.

98.    SCB's failure to investigate Plaintiffs' disputes and its initial and continuing false reporting to Equifax of Plaintiffs' alleged two second mortgage accounts, despite SCB's knowledge of the falsity of its reporting, is a willful violation of SCB's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

99.    Given SCB's knowledge of the falsity of its reporting, SCB's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which SCB is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages, and for Plaintiffs' attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Chase**

100.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 99 as if fully set forth herein.

101.   Chase's failure to investigate Mrs. Oberst's dispute and its initial and continuing false reporting to Equifax, Trans Union and Experian of Mrs. Oberst's alleged past due and payable Chase account, despite Chase's knowledge of the falsity of its reporting, is a willful violation of Chase's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

102.   Given Chase's knowledge of the falsity of its reporting, Chase's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Chase is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages, and for Plaintiffs' attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

103.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 102 as if fully set forth herein.

104.   Equifax's failure to investigate Plaintiffs' disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

105.   Equifax's failure to investigate Plaintiffs' disputes, its failure to evaluate or consider any of Plaintiffs' information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiffs' disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i. Equifax's violations of the FCRA

amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

106.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 105 as if fully set forth herein.

107.   Trans Union's failure to investigate Mrs. Oberst's dispute and its failure to delete and/or amend its reporting of the Chase account despite Trans Union's knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

108.   Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

109.   Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages and for Plaintiffs' attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

110.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 109 as if fully set forth herein.

111.   Experian's failure to investigate Mrs. Oberst's dispute and its failure to delete and/or

amend its reporting of the Chase account despite Experian's knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

112.   Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

113.   Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages and for Plaintiffs' attorneys' fees.

WHEREFORE, Plaintiffs, Daniel E. Oberst and Lisa D. Oberst, respectfully demand the following:

1.   Trial by jury on all issues so triable;

2.   Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.   For attorneys' fees and costs; and,

4.   Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Daniel E. Oberst, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Daniel E. Oberst

COMMONWEALTH OF KENTUCKY  )
                          ) SS
COUNTY OF WARREN          )

Subscribed, sworn to and acknowledged before me by Daniel E. Oberst this 6th day of June , 2017.

_____  ID# 508619
Notary Public

Commission expires: April 24, 2018

## VERIFICATION

I, Lisa D. Oberst, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Lisa D. Oberst

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF WARREN            )

Subscribed, sworn to and acknowledged before me by Lisa D. Oberst Oberst this 6th day of June , 2017.

Donna R. Cox ID#508619
Notary Public

Commission expires: April 24, 2018

24